IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLBY I. MCCRAY,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>Respondent. | **4:24CV3040**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Colby I. McCray's ("McCray" or "Petitioner") Motions to Appoint Counsel, Filing Nos. 7 and 18; Motion to Request Additional Documents, Filing No. 19; and Motion for Extension of Time, Filing No. 20. For the reasons stated, the Motions to Appoint Counsel and the Motion to Request Additional Documents will be denied. The Motion for Extension of Time will be granted.

**A. Motion to Request Additional Documents, Filing No. 19**

In his Motion to Request Additional Documents, McCray seeks "additional documents" from the Office of the Counsel of Discipline regarding a grievance McCray filed on attorney Ryan Caldwell, as well as a receipt dated August 1, 2022. Filing No. 19 at 1. McCray also requests that the Court provide a copy of the "letter sent to Judge Nelson on February 1, 2021," and a transcript of the hearing, which was the subject of the letter, where McCray requested alternate counsel. Filing No. 19 at 1.

The Court construes McCray's request to be a motion to expand the record. A motion to expand the record is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits courts to direct the parties to expand the record by submitting additional materials relating to the petition. However,

this power is permissive and granted or denied at the court's discretion. For several reasons, the Court cannot expand the record here. First, it would be difficult to identify all the records being sought, and there is no evidence that Respondent would be in possession of the records. McCray seeks an unidentified number of "additional documents" submitted to the Office of Counsel and Discipline, and a letter sent to Judge Nelson. McCray does not state who sent the letter, and a review of the record in this case does not suggest that a vague collection of documents from the Office of Counsel would be in Respondent's possession.

Moreover, even if the Court could identify the records, McCray has not met his burden. "[T]he standard to expand the state-court record is a stringent one." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022). "When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citing *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004)). Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005).

McCray argues that he is entitled to these additional records because they contain relevant information about his counsel's ineffectiveness, and his counsel's ability to represent McCray fairly and honestly. Filing No. 19 at 1. McCray does not assert that he is entitled to relief through a new or retroactive law, nor does he explain why due diligence could not have previously discovered the facts contained in the documents he requests.

The U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, even if the records McCray seeks could be identified, the record cannot be expanded in this case to address his claims that were rejected on the merits by the state appellate courts absent the necessary showing under 28 U.S.C. § 2254(e). Other than conclusory statements, McCray does not explain how further factual development would show that he is entitled to habeas relief.

Further, to the extent McCray's motion seeks to expand the record with documents outside of the state court proceedings, he does not address the requirements of 28 U.S.C. § 2254, most notably the due diligence requirement that the contents of the proposed expansion could not have been previously discovered. Accordingly, McCray has not established he is entitled to expand the record, *see Sanders v. Cruickshank*, No. 4:17CV3020, 2017 WL 4179983, at *4 (D. Neb. Sept. 20, 2017), and his Motion to Request Additional Records, construed as a motion to expand the record, is denied.

**B. Motions to Appoint Counsel**

McCray requests that the Court appoint counsel in this case because his "knowledge and skill does not equal or rise to that of a lawyer with ordinary training and skill in criminal law." Filing No. 7. He also cites the factual complexity of the case and his inability to investigate the facts. Filing No. 18 at 1. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an

evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

Contrary to McCray's assertion, this case is not unusually complex, and McCray has shown he can review the record relevant to his case and skillfully articulate his arguments. At this stage, there is no indication that an evidentiary hearing is necessary, nor is there a need to expand the record beyond what has already been argued before the state court. Accordingly, having considered the appropriate factors, appointment of counsel is not warranted in this case.

**C. Motion to Extend**

McCray seeks additional time to file a responsive brief because he was awaiting the Court's decision on his requests to appoint counsel. The Court will grant McCray's Motion. McCray shall have until November 2, 2026, to file a brief in response.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motions to Appoint Counsel, Filing No. 7 and Filing No. 18, are denied without prejudice to reassertion.
2. Petitioner's Motion to Request Additional Documents, Filing No. 19, construed as a motion to expand the record, is denied.
3. Petitioner's Motion for Extension of Time, Filing No. 20, is granted. Petitioner shall have until **November 2, 2026**, to file a brief in response in this case.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 2, 2026**: deadline for Petitioner's brief.

Dated this 30th day of September, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge